344 P.2d 171

Eugene L. THOMSON, Plaintiff-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, New Mexico, Bernalillo County Board of Education, and Board of Education of the City of Albuquerque, New Mexico, Defendants-Appellees.

No. 6570.

Supreme Court of New Mexico.

Sept. 14, 1959.

Dale B. Dilts, Albuquerque, for appellant.

Paul Robinson, Dist. Atty., Botts, Botts & Mauney, Albuquerque, for appellees.

CARMODY, Justice.

Over a period of years, the New Mexico legislature has frequently passed statutes regulating and classifying salaries of the county school superintendents. In 1951, a proviso was added to such a statute, which stated as follows:

"Provided, however, that in counties where there are no rural school rooms under the jurisdiction of the county school superintendent that the salary of the county school superintendent shall be $1.00 per year [and the provisions relating to the classification of counties shall have no application whatsoever and no other or further amount than $1.00 per year] shall be paid to any such county school superintendent." (Brackets added, for clarification hereafter.)

In 1953, the legislature re-enacted such a salary act with changes as to the salaries of the superintendents within counties of certain classes, and there is included in such act, being § 73–5–1, N.M.S.A.1953, the same provision as above set out except that the words in brackets were omitted, thereby leaving the words "shall be paid to any such county school superintendent" as a dangling predicate.

The plaintiff was elected county school superintendent of Bernalillo County and took office in January 1957. He seeks by his complaint to obtain judgment against the defendants for the sum of $25,000. His complaint merely alleged that he took office, that he is entitled to a salary and additional compensation, and that the defendants have refused to pay him any amount. Motions to dismiss were filed on behalf of all three defendants, setting out the legal defenses that the complaint failed to state a claim and that the defendants are immune as instrumentalities of the State of New Mexico.

The trial court sustained the motions, and the case comes to us on plaintiff's averment of several errors, some of which do not appear upon the face of the pleadings and, in effect, seek an advisory opinion of this court as to which of the defendants is liable, if any. However, the basic contention relates to a construction of the proviso hereinabove quoted, and we will determine

this question with the view of bringing to an end needless litigation.

All of the Bernalillo County public schools have been consolidated within the Albuquerque municipal school district, but plaintiff contends that there may be denominational or private schools outside the city limits which might come under his supervision, and that the Girls' Welfare Home should also be within the jurisdiction of the county school superintendent.

Let it suffice to say that private or denominational schools are not "rural school rooms under the jurisdiction of the county school superintendent." Grave constitutional questions would be involved to hold otherwise. With respect to the Girls' Welfare Home, the same is a state institution under the provisions of § 42–5–4, N.M.S.A.1953, and even though the Home does participate in the public school equalization fund, it certainly is not such a school as has "rural school rooms" which could be considered to be under the jurisdiction of the county school superintendent. Actually, the superintendent of the Home prescribes the courses of study (§ 73–7–46, N.M.S.A.1953) and it is in a class completely removed from the ordinary public school.

All in all, try as we will, we are unable to see what rural school rooms there might be in Bernalillo County which would be under plaintiff's jurisdiction. True, there are certain duties which by law are placed with the county school superintendent, such as the requiring of observance of Arbor Day, but it is not believed that this and perhaps a few other miscellaneous duties are such as the legislature intended in order to raise a school superintendent, such as the plaintiff, into a higher category than that of "a dollar a year man."

Plaintiff would have us disregard the proviso entirely, or assume that the legislature intended to place some other words in lieu of those apparently omitted. However, no matter how one reads the statute, it is still obvious that the legislature said that the salary would be $1 per year. The statute is incomplete, but it is certainly not sufficiently vague and indefinite as to be unenforcible as to the $1 per year proviso. We will not speculate as to what words would have been used but for an obvious stenographic error. Plaintiff has no rural school rooms under his jurisdiction and is entitled to $1 per year regardless of his qualifications or experience, but no more.

We have considered the other points raised by the plaintiff, including the contention that the statute is unconstitutional, and find the same without merit. We express no opinion as to what public body is responsible to plaintiff for his statutory salary of $1 per year.

162

We find no error in the action of the trial court, and the judgment will be affirmed; it is so ordered.

McGHEE, COMPTON and MOISE, JJ., concur.

LUJAN, C. J., not participating.